NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-85-HRW

JANTZ S. CLINKSCALE                                                                     PETITIONER

VS:           **MEMORANDUM OPINION AND ORDER**

TERRY O'BRIEN, Warden                                                              RESPONDENT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Jantz S. Clinkscale, an individual presently confined at the Federal Correctional Institution in Lexington, Kentucky, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 district court filing fee.

The matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

CLAIMS

The petitioner claims that the Bureau of Prisons ("BOP") is wrongly denying him credit toward his sentence for time which he spent under court-ordered house arrest.

ALLEGATIONS OF THE PETITION

The petitioner has submitted a common §2241 petition form, which he has substantially completed. The following are the entirety of his allegations.

1

The petitioner states that on August 24, 2000, he was convicted of several crimes in the United States District Court for the Northern District of Ohio, and he was sentenced to 90 months' imprisonment. He states that he is seeking credit toward that sentence for time he spent under court-ordered house arrest. His allegations conclude as follows.

> I was totally restricted to my home, only allowed to attend church and doctors appointments. In this instance, the home detention was only an extention [sic] of the prison walls. The BOP is given the discretion to accredit home confinement and halfway house and it is counted towards your sentence, but when the court orders it, the BOP doesn't want to recognize it and credit it towards your sentence of incarceration.

Record No. 1 at 3.

Attached to the petition form is another form, E.D.Ky. Form 118, which is used in this district for prisoners to report on their efforts to obtain relief administratively prior to filing a federal lawsuit. Petitoner Clinkscale has reported thereon that he did not make a complaint through the BOP administrative remedy process "[b]ecause exhaustion of administrative remedies is not required by statute, it is not juurisdictional [sic]."

## DISCUSSION

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, a district court is afforded the authority to dismiss a case at any time if the court makes certain findings. *See* 28 U.S.C. §1915(e)(2); 42 U.S.C. §1997e.

2

This Court begins with a pre-condition to any prisoner's filing a petition for writ of habeas corpus, the would-be petitioner's exhaustion of administrative remedies. Federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they 'exhaust their administrative remedies in accordance with Bureau of Prisons policy . . . .'").

The administrative remedies available to inmates confined in BOP institutions require that a prisoner present his complaint or grievance to 4 levels of officials, as us set out at 28 C.F.R. §§542.10-.19 (1998). Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden, on a BP-9 form *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director (BP-10 form), and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel (BP-11). *See* §542.15.

The administrative procedure includes established response times. §542.18. As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days. Only one extension of time of 20-30 days, in writing, is permitted the agency. If the inmate does not receive a response within the allotted time, including extension, he may consider the absence of response as a denial at that level. *Id.* The scheme includes an expedited

3

procedure for any request "determined to be of an emergency nature which threatens the inmate's immediate health or welfare." *Id.*

The instant petitioner, however, does not allege exhaustion of the administrative process prior to filing this lawsuit in federal court. Rather, he claims that exhaustion is not necessary. He is mistaken. Pre-filing exhaustion of the administrative process has been statutorily imposed by 42 U.S.C. §1997e for prisoners filing civil rights actions about their confinement, under the Prison Litigation Reform Act of 1995 ("PLRA"), since its effective date, April 26, 1996. However, with regard to habeas proceedings, the federal courts have long required exhaustion prior to the filing of a habeas petition.

Further, in not exhausting the issue of his credits administratively, the instant petitioner has failed to comply not only with judicial law but also the underlying rationale for the law. One of the reasons for the exhaustion requirement is to prepare a record for the reviewing court. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980). The record before this Court today contains only a few sentences from the *pro se* petitioner; no attachments; and, therefore, no information on the length of time at issue herein, the trial court's directives, or the BOP's rationale supporting its position on the matter. While a court may waive the exhaustion requirement, it must be on a record supporting such a ruling, not on the record presented herein. *See Colton v. Ashcroft*, 299 F. Supp.2d 681 (E.D.Ky. 2004) (waiving the exhaustion requirement) (the Honorable Jennifer B. Coffman, presiding).

Because the instant petitioner has not exhausted the BOP's administrative remedy process, the Court will deny the instant petition, without prejudice to his ability to file another habeas proceeding at a later time after exhaustion.

4

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Petitioner Jantz S. Clinkscale's petition for writ of habeas corpus is **DENIED** and **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This 19th day of July, 2005.

                                                          HENRY R. WILHOIT, JR.
                                                          SENIOR U. S. DISTRICT JUDGE